```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

**EARL WILLIAM WINES, III,**

       Plaintiff,

  vs.                                      Civil Action 2:14-cv-2177
                                                  Judge Marbley
                                                  Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

       Defendant.


**REPORT AND RECOMMENDATION**

**I.   Background**

This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's applications for a period of disability, disability insurance benefits, and supplemental security income. This matter is before the Court for consideration of *Plaintiff's Statement of Errors* ("*Statement of Errors*"), Doc. No. 10, the *Defendant's Opposition to Plaintiff's Statement of Errors*, Doc. No. 15, and plaintiff's *Reply*, Doc. No. 16.

Plaintiff Earl William Wines, III, protectively filed his applications for benefits on June 30, 2011, alleging that he has been disabled since February 12, 2011. *PAGEID* 56, 210-23. The claims were denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

An administrative hearing was held on June 17, 2013, at which plaintiff, represented by counsel, appeared and testified, as did

Patricia Posey, who testified as a vocational expert. *PAGEID* 70. In a decision dated July 3, 2013, the administrative law judge concluded that plaintiff was not disabled from February 12, 2011, through the date of the administrative decision. *PAGEID* 56-65. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on September 12, 2014. *PAGEID* 46-49.

Plaintiff was 48 years of age on the date of the administrative decision. *See PAGEID* 65, 210. Plaintiff is insured for disability insurance purposes through December 31, 2016. *PAGEID* 58. He has a limited education, is able to communicate in English, and has past relevant work as a deck hand and construction worker. *PAGEID* 63.

**II. Administrative Decision**

The administrative law judge found that plaintiff engaged in substantial gainful activity during the second and third quarters of 2012. *PAGEID* 58. Nevertheless, because there was "a continuous 12-month period(s) during which the claimant did not engage in substantial activity," the administrative law judge continued the sequential analysis to "address the period(s) the claimant did not engage in substantial gainful activity." *Id*.

The administrative law judge found that plaintiff's severe impairments consist of lumbar disc disease and lumbar radiculitis. *PAGEID* 59. The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed impairment and leave plaintiff with the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b) except he can never perform climbing of ladders, ropes or scaffolds, and can occasionally perform balancing, kneeling, stooping, crouching, crawling and climbing of ramps and stairs.  The claimant must avoid concentrated exposure to extreme cold, vibration, and even moderate exposure to hazards such as heights and machinery.

*PAGEID* 60.  Although this RFC precludes the performance of plaintiff's past relevant work as a deck hand and construction worker, the administrative law judge relied on the testimony of the vocational expert to find that plaintiff is nevertheless able to perform a significant number of jobs in the national economy, including such representative jobs as hand packager, folder, and night cleaner. *PAGEID* 63-64.  Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act from February 12, 2011, through the date of the administrative decision.  *PAGEID* 64.

**III. Discussion**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards.  *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).  Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).  This

Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

In his *Statement of Errors*, plaintiff argues that the administrative law judge erred in his credibility determination. Plaintiff specifically argues that the administrative law judge "failed to consider *any* of the factors he was required to address in evaluating Wines's credibility pursuant to 20 C.F.R. 404.1529(c) and 416.929(c)." *Statement of Errors*, p. 10 (emphasis in original). Plaintiff also argues that the administrative law judge "inappropriately relied *only* on what he perceived as a lack of objective medical evidence to discount Wines's allegations of pain and significant limitations." *Id*. (emphasis in original).

A claimant's subjective complaints must be supported by objective medical evidence in order to serve as a basis for a finding of disability. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993). *See also* 42 U.S.C. § 423(d)(5)(A). In

evaluating subjective complaints, it must be determined whether there is objective medical evidence of an underlying medical condition. *Stanley v. Sec' of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir. 1994). If so, then the evaluator must determine (1) whether objective medical evidence confirms the severity of the complaint arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged complaint. *Id.*; *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986).

In evaluating a claimant's credibility, an administrative law judge should consider the objective medical evidence and the following factors:

> 1. The individual's daily activities;
>
> 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
>
> 3. Factors that precipitate and aggravate the symptoms;
>
> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
>
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
>
> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
>
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7, 1996 WL 374186 (July 2, 1996). *See also* 20 CFR §§ 404.1529(c), 416.929(c).

5

An administrative law judge's credibility determination is accorded great weight and deference because of the administrative law judge's unique opportunity to observe a witness' demeanor while testifying. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (citing *Gaffney v. Bowen*, 825 F.2d 98, 973 (6th Cir. 1987)). However, credibility determinations must be clearly explained. *See Auer v. Sec'y of Health & Human Servs.*, 830 F.2d 594, 595 (6th Cir. 1987). If the administrative law judge's credibility determinations are explained and enjoy substantial support in the record, a court is without authority to revisit those determinations. *See Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994); *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 386–87 (6th Cir. 1978).

In the case presently before the Court, the administrative law judge summarized plaintiff's testimony at the administrative hearing as follows:

> The claimant testified [that] extreme pain in his lower back that shoots down both legs into his feet prevents him from working. The claimant said pain wakes him up at night and he must get up and walk around. The claimant estimated he could sit for about 15 minutes before pain started to aggravate him. The claimant said he cannot lift more than 15 or 20 pounds. The claimant said he is not treated for his pain because he does not have any insurance; he takes over-the-counter medication, which helps some but does not completely get rid of the pain. The claimant testified his joints ache, but he has not been able to go to the doctor due to lack of insurance. The claimant said he uses a push mower to mow his small flat lawn, but he has to take breaks every 15 minutes or so and sometimes he stretches the task over two days. He said it usually takes him about five or six hours to mow an area that should take one hour. The claimant testified he tries to help with household chores to the extent he can. The claimant explained he drives to the store but usually cannot shop for very long; he has to wait in the truck. The claimant said his most comfortable

6

> position is lying in a recliner, but even that is not very comfortable. The claimant testified he is constantly changing position throughout the day. He said he watches television but is rarely able to watch an entire hour at a time.

PAGEID 61. The administrative law judge found that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." *Id*. The administrative law judge evaluated the medical evidence, found that "[t]he objective medical evidence supports finding the claimant was limited by his musculoskeletal impairments, but not to the extent alleged." PAGEID 61. Noting that plaintiff had engaged in substantial gainful work activity prior to his alleged date of onset of disability in 2011, the administrative law judge evaluated plaintiff's subjective complaints as follows:

> Furthermore, the medical record does not indicate the claimant's condition worsened around his alleged onset date of disability, February 12, 2011. The claimant reported he injured his back at work in 2009 (Exhibit 8F p 2). During a November 2009 physical examination, it was observed the claimant walked with an antalgic gait and had pain in his lumbar spine (Exhibit 5F p 4). The claimant had a positive straight leg raising test on the right (Exhibit 5F p 4). These clinical findings are consistent with examinations performed after the alleged onset date of disability. Robert Holley, M.D., also reported the claimant had tenderness in his lumbar spine prior to the alleged onset date of disability and observed the claimant walked with a slightly antalgic gait (Exhibit 2F p 167). Dr. Holley's office notes indicate the claimant had reduced lumbar extension and flexion, although the exact measurements were handwritten and are difficult to read (Exhibit 2F pp 2, 6, 13). The claimant had flexion of 50 degrees on January 4, 2011, which is consistent with Dr. Brown's later examination (Exhibit 2F p 6). The record shows the claimant was able to work with the degree of limitation he had prior to his onset date of disability. During the years of 2009 and 2010, the claimant's income was well above the substantial gainful activity level and consistent

7

>  with prior earnings (Exhibit 4D).  The medical evidence does not indicate a decline in the claimant's condition after the alleged onset date of disability.

*PAGEID* 62. The administrative law judge also evaluated the opinion evidence and, "viewing the evidence in the light most favorable to the claimant," included postural and environmental limitations in his RFC determination that exceeded those found by the reviewing and consultative physicians.  *PAGEID* 62-63.

  In his *Statement of Errors*, plaintiff does not challenge the administrative law judge's summary of plaintiff's testimony, his evaluation of the medical evidence, or his conclusion that "[t]he objective medical evidence supports finding the claimant was limited by his musculoskeletal impairments, but not to the extent alleged." *See PAGEID* 61.  Plaintiff also does not challenge the administrative law judge's conclusions that "the medical record does not indicate the claimant's condition worsened around his alleged onset date of disability, February 12, 2011," plaintiff "was able to work with the degree of limitation he had prior to his onset date of disability," and the "medical evidence does not indicate a decline in the claimant's condition after the alleged onset date of disability." *See PAGEID* 62.  Instead, plaintiff argues that the administrative law judge erred by "fail[ing] to consider *any* of the factors [in] 20 C.F.R. 404.1529(c) and 416.929(c)."[1] *Statement of Errors*, p. 10 (emphasis in original).  This Court disagrees.

---

[1] In his *Statement of Errors*, plaintiff does not cite evidence to support a finding, or even argue, that a more extensive evaluation of the factors would have supported his credibility.

The administrative law judge expressly considered plaintiff's testimony regarding his daily activities; *PAGEID* 61 ("The claimant said he uses a push mower to mow his small flat lawn, but he has to take breaks every 15 minutes or so and sometimes he stretches the task over two days.  He said it usually takes him about five or six hours to mow an area that should take one hour.  The claimant testified he tries to help with household chores to the extent he can.  The claimant explained he drives to the store but usually cannot shop for very long; he has to wait in the truck. . . .  He said he watches television but is rarely able to watch an entire hour at a time."); the location, duration, frequency, and intensity of his pain; *id*. ("The claimant testified extreme pain in his lower back that shoots down both legs into his feet prevents him from working.  The claimant said pain wakes him up at night and he must get up and walk around."); factors that precipitate and aggravate the symptoms; *id*. ("The claimant explained he drives to the store but usually cannot shop for very long; he has to wait in the truck.  The claimant said his most comfortable position is lying in a recliner, but even that is not very comfortable.  The claimant testified he is constantly changing position throughout the day."); the type and effectiveness of plaintiff's medications; *id*. ("The claimant said he is not treated for his pain because he does not have any insurance; he takes over-the-counter medication, which helps some but does not completely get rid of the pain."); other measures plaintiff uses to relieve pain; *id*. ("The claimant said his most comfortable position is lying in a

9

recliner, but even that is not very comfortable.  The claimant testified he is constantly changing position throughout the day."); and other factors.  *See PAGEID* 62 ("The record shows the claimant was able to work with the degree of limitation he had prior to his onset date of disability.").  The administrative law judge discounted plaintiff's credibility because his testimony was not supported by the objective medical evidence, which demonstrated that plaintiff's condition did not worsen around or after his alleged disability onset date and because plaintiff "was able to work with the degree of limitation he had prior to his onset date of disability." *Id*.  This finding is supported by substantial evidence, as cited by the administrative law judge, and belies plaintiff's argument that the administrative law judge failed to consider any of the appropriate factors.

The administrative law judge noted and followed the appropriate standards and performed an appropriate evaluation of the evidence.  The administrative law judge's credibility determination is clearly explained, and his analysis enjoys substantial support in the record.  This Court will not – and indeed may not - revisit that credibility determination.  *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

Having carefully considered the entire record in this action, the Court concludes that the decision of the Commissioner is supported by substantial evidence.  It is therefore **RECOMMENDED** that the

10

decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which

fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


June 19, 2015                                       *s/Norah McCann King*
                                                   Norah M<sup>c</sup>Cann King
                                              United States Magistrate Judge

12